|   |   |
|---|---|
| 1 | CHRISTOPHER P. WALKER – State Bar No. 174533 |
|   | LAW OFFICE OF CHRISTOPHER P. WALKER, P.C. |
| 2 | 505 S. Villa Real Drive, Suite 103 |
|   | Anaheim Hills, CA 92807 |
| 3 | Telephone:   (714) 639-1990 |
|   | Facsimile:   (714) 637-1636 |
| 4 |   |
|   | Attorneys for Plaintiff |
| 5 | . |

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re:

RL ASSET MANAGEMENT SERVICES, LLC,,

      Debtors.

ROBERT KANTER, TRUSTEE OF ASK IRREVOCABLE TRUST; ROBERT KANTER, TRUSTEE OF ZBN IRREVOCABLE TRUST;ROBERT KANTER, TRUSTEE OF HH IRREVOCABLE TRUST; ROBERT KANTER, TRUSTEE OF RL IRREVOCABLE TRUST AND WESTLAND COMMERCIAL, INC.

      Plaintiff,

vs.

RONEN ARMONY AND MA-ALV Real Estate Holdings, LLC

      Defendants

CASE NO 6:15-bk-10606-WJ

ADVERSARY NO.

**COMPLAINT FOR:**

1) **DECLARATORY JUDGMENT OBJECTING TO CLAIM NO. 9 AS NOT SECURED AGAINST 14130 BEAR VALLEY ROAD, VICTORVILLE CA 92392 AND THAT CLAIM NO. 9 FILED BY MA-ALV REAL ESTATE HOLDINGS, LLC. IS ONLY SECURED BY 14120 BEAR VALLEY ROAD, VICTORVILLE, CA 92392;**

2) **DECLARATORY JUDGMENT OBJECTING TO CLAIM NO. 9 IN FULL AS THE PURCHASE OF THE CLAIM VIOLATED A DIRECT COURT ORDER THAT THE LOAN COULD ONLY BE PAID OFF, NOT PURCHASED BY DEFENDANTS**

-1-

**COMPLAINT FOR DISCLARATORY JUDGMENT**

Robert Kanter, as trustee of the ASK IRREVOCABLE TRUST, trustee of ZBN IRREVOCABLE TRUST; trustee of HH IRREVOCABLE TRUST; trustee of RL IRREVOCABLE TRUST; AND WESTLAND COMMERCIAL, INC. (collectively "Plaintiff"), for the complaint against RONEN ARMONY ("Armony") and MA-ALV Real Estate Holdings, LLC ("MA") (collectively "Defendants") alleges as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I), and 1334, 11 U.S.C. § 523 and Rule 7001 of the Federal Rule of Bankruptcy Procedure. This adversary proceeding arises under and in the bankruptcy case entitled <u>In Re RL ASSET MANAGEMENT SERVICES, LLC</u>, ("Debtor") Case No. 6:15-bk-10606-WJ in the United States Bankruptcy Code for the Central District of California.

2. The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 24, 2015. Steven M. Speier was appointed chapter 7 trustee.

3. This adversary proceeding is a core proceeding as defined and set forth in 28 U.S.C. § 157(b)(2)(I) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. Venue properly lies in this judicial district in that the civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. § 1409.

## STATEMENT OF STANDING

5. Plaintiff, as members of the Debtor and holders of the rights to receive any surplus estate, have standing to bring this action.

## PARTIES TO THE PROCEEDING

6. Plaintiffs Robert Kanter is an individual who is as trustee of the ASK IRREVOCABLE TRUST, as trustee of ZBN IRREVOCABLE TRUST; trustee of HH IRREVOCABLE TRUST; and trustee of RL IRREVOCABLE TRUST. Robert Kanter is a resident of the County of Orange, State of California and the trusts have done business in the County of San Bernardino, State of California

7. Plaintiff Westland Commercial, Inc. is a California corporation who has done business in the County of San Bernardino, State of California.

8.  Defendant RONEN ARMONY ("Armony") is an individual who at all times herein mentioned did business in the County of San Bernardino, State of California. Plaintiffs are informed, believe and based thereon allege that Defendant Armony is the owner of 100% of Defendant MA.

8.  Defendant MS is a California Corporation who was, upon information and belief, formed on November 26, 2012 by Defendant Armony for the specific purpose of purchasing the entering into the Loan sale Agreement dated November 30, 2012 to purchase the Note of Loan No. 2000300472 dated May 19, 2008 as hereinafter described.

## GENERAL ALLEGATIONS

9.  Debtor is the owner of two pieces of real property with a legal description as follows:

> "Parcels 1 and 2 of Parcel Map 16064, in the City of Victorville, County of San Bernardino, State of California, as per map recorded July 30, 2007 in Book 222, Pages 52 through 57, of Parcel Maps, in the Office of the County Recorder of said county.
>
> Except all minerals, oil, gases and other hydrocarbon substances by whatsoever name known that may be within or under said land, without, however, the right to drill, dig or min through the surface thereof, as reserved in Deed from the State of California, recorded August 2, 1967 in Book 6866 page 571 of Official Records of said County and State." (the "Property")

10. On or about June 26, 2015, Defendants caused to be filed in the present bankruptcy case Claim No. 9 alleging a secured interest in both parcels 1 and 2 based on an assignment attached as Annex 12 to Claim No. 9. A true and correct copy of Claim No. 9 is attached hereto as Exhibit 1 and incorporated herein by this reference.

11. The assignment includes only a description of Parcel 1 of Parcel Map 16064. See Assignment and Assumption of Loan attached hereto as Exhibit 2.

### Bear Valley's 2008 Construction Loan

12. On May 19, 2008, Bear Valley Family Limited Partnership (Bear Valley) opened a construction line of credit ("Line of Credit") with Bank Midwest (the predecessor of Armed Forces Bank), which is the basis for Claim 9. This line of credit was secured by a first deed of trust with Bank Midwest named as the beneficiary. ("2008 Deed of Trust") The 2008 Deed of Trust of trust encumbered the properties commonly known as Parcels 1, 2, 3, and the Remainder Parcel.

### The Lawsuit Between Bear Valley and Bank Midwest

13. In 2010, Bear Valley sued Bank Midwest for failing to fund this construction loan. Bear Valley was represented by Barry Cappello of Cappello and Noel, LLP. This lawsuit was settled quickly thereafter and the terms of this settlement are material.

14. Specifically, on September 1, 2010, Bear Valley and Bank Midwest entered into a settlement with terms that, among other things, released certain parcels encumbered by the 2008 Deed of Trust. Bear Valley delivered this $800,000, therefore, 14130 Bear Valley Road and the Remainder Parcel were released upon this delivery.

### Defendants Violation of Court Order

15. On or about March 18, 2011, Defendant Armony brought a civil case in San Bernardino Superior Court entitled <u>Armony v. Kanter</u>, Case No. CIVVS 1101628. (the "State Court Action"). The State Court Action was consolidated with a judicial foreclosure action brought by Armed Forces Bank for foreclosure of the Line of Credit.

16. On or about January 11, 2012, a hearing was held on the Ex Parte Motion for temporary restraining order brought by Defendant Armony in the State Court Action. As part of the temporary orders entered at that hearing, the State Court ordered that there was to be no transfer of any notes on the property by any party. Attached hereto as Exhibit 3 is a true and correct copy of the minute order dated January 11, 2012 which is incorporated herein by this reference.

17. On or about February 6, 2012, the Court held a further hearing on the preliminary injunction. At that time the Court denied the preliminary injunction, but

ordered that all prior orders entered are to remain in full force and effect including the order prohibiting any party from transferring any note secured against the Property. The Court later specifically clarified its arguments on the record when it stated that the parties could pay off the Line of Credit, but not purchase it. Attached hereto as Exhibit 4 is a true and correct copy of the minute Order dated February 6, 2012, which is incorporated herein by this reference.

18. Despite the Court order that barred the transfer of the Line of Credit and the specific directive from the State Court that the Line of Credit could be paid off, but not purchased, Defendants, and each of them, (along with Armed Forces Bank) violated the court order by classifying a payoff of the Line of Credit as a purchase of the Line of Credit.

19. At the time of the payoff of the Line of Credit, Defendant Armony was the principal of both the borrower Bear Valley Family Limited Partnership and the alleged purchaser Defendant MA.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against All Parties)

20 The Plaintiff incorporates herein paragraphs 1 through 14, inclusive, of this Complaint, as if set forth in full.

21. An actual controversy has arisen by and between Plaintiffs and Defendants and a real dispute now exists between them concerning what real property the Line of Credit encumbers. Defendants allege that the Line of Credit encumbers both parcel 1 and parcel 2 of Parcel Map 16064, in the City of Victorville, County of San Bernardino, State of California, as per map recorded July 30, 2007 in Book 222, Pages 52 through 57, of Parcel Maps, in the Office of the County Recorder of said county. Plaintiffs allege that Line of Credit encumbers only parcel 1 of Parcel Map 16064, in the City of Victorville, County of San Bernardino, State of California, as per map recorded July 30, 2007 in Book 222, Pages 52 through 57, of Parcel Maps, in the Office of the County Recorder of said

**COMPLAINT FOR DISCLARATORY JUDGMENT**

county. Plaintiff asserts that the assignment only assigned Parcel 1 because the legal description contained in the assignment only references Parcel 1.

22. As a result an actual controversy exists as to the extent of the assignment.

23. A declaration of rights is necessary and appropriate at this time in order that the Plaintiffs may ascertain their rights and duties and the bankruptcy estates rights and duties with respect to this claim. No adequate and expeditious remedy other than a declaration of rights from this Court exists by which the rights of the parties may be determined.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief Against All Parties)

24 The Plaintiff incorporates herein paragraphs 1 through 19, inclusive, of this Complaint, as if set forth in full.

21. An actual controversy has arisen by and between Plaintiffs and Defendants and a real dispute now exists between them concerning what the validity of Claim 9 in this estate. Defendants allege that the Line of Credit was properly purchased, did not violate any court orders and they have a valid assignment. Plaintiffs allege that Line of Credit could only be paid off by Defendants, not purchased. That the purchase is void due to the direct violation of the State Court order and that, therefore, there is no Claim 9.

22. As a result an actual controversy exists as to the validity of the purchase of the Line of Credit and the assignment..

23. A declaration of rights is necessary and appropriate at this time in order that the Plaintiffs may ascertain their rights and duties and the bankruptcy estates rights and duties with respect to this claim. No adequate and expeditious remedy other than a declaration of rights from this Court exists by which the rights of the parties may be determined.

**COMPLAINT FOR DISCLARATORY JUDGMENT**

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendant as follows:

(1) For a judgment on the First Claim of Relief stating that the Line of Credit only secures parcel 1 of Parcel Map 16064 and the objection to Claim 9 is granted, claim 9 is modified to reflect that it is secured only by parcel 1.

(2) For a judgment on the Second Claim of Relief stating that the Line of Credit was paid off by Defendants in or about November 2012, that any transfer of the Line of Credit by Armed Forces Bank is void as a violation of the State Court Order

(2) For costs of suit incurred herein, and

(3) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated 12/1/15

LAW OFFICE OF CHRISTOPHER P. WALKER, P.C.

By /s/ Christopher P. Walker
Attorney for Plaintiff

-7-
**COMPLAINT FOR DISCLARATORY JUDGMENT**